UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM DENIS MCCANN, | No. C 07-3865 JSW (PR) |
| Petitioner, | **ORDER DISMISSING PETITION WITH LEAVE TO AMEND AND REQUIRING ELECTION BY PETITIONER ON MIXED PETITION** |
| v. | |
| ATTORNEY GENERAL OF CALIFORNIA, | |
| Respondent. | |

**INTRODUCTION**

William Denis McCann, California probationer, filed this action for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner has paid the filing fee. This matter comes before the Court on initial review of the petition, but the Court is unable to issue an order to show cause because of a threshold problem: Petitioner has stated in the petition that two of the four claims therein have not been presented to the California Supreme Court for its consideration. In other words, state judicial remedies as to those claims have not been exhausted. The Court now requires Petitioner to make an election as to how he wants to resolve the problem of his unexhausted claims in this Court.

Moreover, Petitioner has named as Respondent the California Department of Correction and the California Attorney General. The proper respondent in a federal habeas corpus petition is the petitioner's immediate custodian. *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992). A custodian "'is the person having a day-to-day control over the prisoner. That person is the only one who can produce 'the body' of the petitioner.'" *Id.* (quoting *Guerra v. Meese*, 786 F.2d 414, 416 (D.C. Cir. 1986)). "This person typically is the

1  warden of the facility in which the petitioner is incarcerated." *Stanley v. California Supreme*
2  *Court*, 21 F.3d 359, 360 (9th Cir. 1994). In general, the proper respondent will depend on
3  the given situations. Where a petitioner is in physical custody due to the state action he is
4  challenging, "[t]he named respondent shall be the state officer who has official custody of the
5  petitioner (for example, the warden of the prison)." Rule 2(b) of the Rules Governing
6  Habeas Corpus Cases Under Section § 2254 advisory committee's note. Where the petitioner
7  is on probation or parole, he may name his probation or parole officer "and the official in
8  charge of the parole or probation agency, or the state correctional agency, as appropriate."
9  *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 896 (9th Cir. 1996). Failure to name Petitioner's
10 custodian as a Respondent deprives federal courts of personal jurisdiction. *Id.* However, a
11 petitioner ordinarily should be given leave to amend his petition to name the correct party as
12 respondent. *See id.* Petitioner is granted leave to amend to name the proper Respondent in
13 this matter. For this and the below reasons, the petition will be dismissed with leave to
14 amend.

## BACKGROUND

16 According to the petition, Petitioner was convicted after a bench trial in Contra Costa
17 County Superior Court and ultimately sentenced to a term of probation and six months in the
18 county jail. According to the petition, Petitioner has been released and remains on probation.
19 Petitioner appealed his conviction to the California Court of Appeal which affirmed the
20 conviction and the Supreme Court of California denied Petitioner's petition for review.
21 Petitioner filed the instant petition on July 27, 2007. In his petition, Petitioner notifies the
22 Court that two of the four claims raised has not been presented to the California Supreme
23 Court. Therefore, as Petitioner now has a mixed petition (containing both exhausted and
24 unexhausted claims) pending before this Court, the petition must be dismissed and Petitioner
25 must notify the Court of how he would like to proceed.

## DISCUSSION

27 The exhaustion requirement requires that prisoners in state custody who wish to
28 challenge collaterally in federal habeas proceedings either the fact or length of their

confinement first exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. *See* 28 U.S.C. § 2254(b),(c); *Rose v. Lundy*, 455 U.S. 509, 515-16 (1982); *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981). The exhaustion-of-state-remedies doctrine reflects a policy of federal-state comity to give the state "'the initial "opportunity to pass upon and correct" alleged violations of its prisoners' federal rights.'" *Picard v. Connor*, 404 U.S. 270, 275 (1971) (citations omitted). A federal district court must dismiss a habeas petition containing any claim as to which state remedies have not been exhausted. *See Rose v. Lundy*, 455 U.S. at 522. However, the dismissal must be with leave to amend to delete the unexhausted claims; if they are deleted, the court can then consider those which remain. *See Anthony v. Cambra*, 236 F.3d 568, 574 (9th Cir. 2000).

When faced with a post-AEDPA mixed petition, the district court must sua sponte inform the habeas petitioner of the mixed petition deficiency and provide him an opportunity to amend the mixed petition by striking unexhausted claims as an alternative to suffering dismissal before the court may dismiss the petition. *Jefferson v. Budge*, 419 F.3d 1013, 1016 (9th Cir. 2005) (citing *Rhines v. Webber*, 544 U.S. 269, 277 (2005)) (court's erroneous dismissal of mixed petition entitled petitioner to equitable tolling of one-year AEDPA statute of limitations from the date the first habeas petition was dismissed until the date the second habeas petition was filed); *Hunt v. Pliler*, 384 F.3d 1118, 1125 (9th Cir. 2004) (court's imposition of sanction of dismissal with prejudice for failure to prosecute and obey court orders was abuse of discretion where petitioner filed request that third amended petition be held in abeyance until district court ruled on magistrate's finding that first petition contained unexhausted claims); *Olvera v. Giurbino*, 371 F.3d 569, 573 (9th Cir. 2004).

Also, in some circumstances, the court has the power to grant a stay of the federal proceeding while petitioner goes back to state court to exhaust additional claims. *Rhines*, 544 U.S. at 277-78. However, the use of a stay is only appropriate where the district court has first determined that there was good cause for the petitioner's failure to exhaust the

3

claims in state court and that the claims are potentially meritorious. *Id.* Moreover, where granting a stay, the district court must effectuate the timeliness concerns in AEDPA by placing "reasonable limits on a petitioner's trip to state court and back." *Id.* Therefore, a petitioner can ask the district court to stay an unexhausted petition while he exhausts his unexhausted claims in state court. *Cf. Pace v. DiGuglielmo*, 125 S. Ct. 1807, 1813-14 (2005). A petitioner need not delete his unexhausted claims asking the district court to issue a stay. *See Jackson v. Roe*, 425 F.3d 654, 659-61 (9th Cir. 2005).

The evidence before the Court indicates that Petitioner did not exhaust his state court remedies as to two of his claims now pending before this Court. Based on Petitioner's assertion that his federal petition contains both exhausted claims and an unexhausted claim, the Court finds that it is a mixed petition. Petitioner cannot go forward in federal court with a mixed petition. *See id.; Guizar v. Estelle*, 843 F.2d 371, 372 (9th Cir. 1988).

Due to a critical one-year statute of limitations on the filing of federal habeas petitions, *see* 28 U.S.C. § 2244(d), the Court is reluctant to dismiss a mixed petition (and possibly cause a later-filed petition to be time-barred) without giving Petitioner the opportunity to elect whether to proceed with just his exhausted claims, or to try to exhaust the unexhausted claims before having this Court consider the petition.
Accordingly, before this action will be dismissed, Petitioner must consider the available options, as set forth below, and notify the Court how he intends to proceed on the mixed petition. Petitioner must choose whether he wants to:

(1)  dismiss the unexhausted claims and go forward in this action with only the exhausted claims, or

(2)  terminate this action and complete the exhaustion of his state court claims before filing a new federal petition presenting all of his claims, or

(3)  Request a stay of the proceedings while he completes the exhaustion of his unexhausted claims in the California Supreme Court. If Petitioner chooses this option, he must also show that there was good cause for his failure to previously exhaust the claim in state court and that it is a potentially

meritorious claim.

This case will be dismissed with leave to make a choice among the three listed above, that is, whether to amend to delete the unexhausted claim, to voluntarily dismiss the entire petition or to request a stay of the proceedings while exhausting the additional claims. If Petitioner does not amend, the case will be dismissed without prejudice. If the case is dismissed for failure to amend, or if Petitioner voluntarily dismisses the petition, he should note that any new federal petition he might attempt to file thereafter would probably be barred by the statute of limitations.

Petitioner is warned that if he chooses option (1), to delete the unexhausted issue and proceed now with the two claims which are exhausted, a subsequent petition directed to the same conviction (for instance, attempting to raise the now-unexhausted claim) may be barred as second or successive or abusive. *See* 28 U.S.C. § 28 U.S.C. 2244(b)(1); *Lundy*, 455 U.S. at 521. He also would have to obtain permission from the Ninth Circuit Court of Appeals in order to file such a second petition. *See* 28 U.S.C. § 2244(b)(3)(A).

If he chooses option (2), to dismiss this case and return later with a completely exhausted petition, that petition may be barred by the one-year statute of limitations contained in 28 U.S.C. § 2244(d)(1). Time during which a properly filed application for state collateral review (such as a state habeas petition) is pending is excluded from the one-year time limit. *Id.* § 2244(d)(2). Depending on when direct review was completed; possible application of another starting date for the statute of limitations; when any applications for collateral review, such as state habeas petitions, were filed; and when a new federal petition is filed, a new petition might be barred. The time a federal petition, such as this one, is pending is *not* excluded from the one-year limit. *Duncan v. Walker*, 121 S. Ct. 2120, 2129 (2001). It appears that the statute of limitations may have already expired here. Petitioner should exercise caution in exercising this option.

If he chooses option (3), he must act diligently to file in the California Supreme Court and to obtain a decision from the California Supreme Court on his unexhausted claim. Petitioner would also be required to notify this Court within thirty days of the California

5

Supreme Court's final decision on his unexhausted claim. He must also show good cause for why these claims were not previously exhausted and that they are "potentially meritorious" under *Rhines*. Petitioner's failure to act with diligence could result in the Court's dismissal of his petition for failure to prosecute.

## CONCLUSION

For the foregoing reasons, the court now dismisses the petition with leave to amend and requires Petitioner to notify the Court of the proper Respondent in this case and choose what to do about his unexhausted claims. Petitioner must serve and file no later than **thirty days** from the date of this order a notice in which he identifies the proper Respondent and states whether he elects to (1) dismiss the unexhausted claim and go forward in this action with only the remaining claims, (2) terminate this action and return to state court to complete the exhaustion of all of his claims before returning to federal court to present all of his claims in a new petition, or (3) request a stay of these proceedings while he exhausts his state court remedies. Petitioner's filing need not be a long document; it is sufficient if he files a one-page document entitled "Election By Petitioner" and states simply: "Petitioner elects to proceed under option ___ provided in the Court's Order Requiring Election By Petitioner." Petitioner needs to insert a number in place of the blank space to indicate which of the three options he chooses. If he chooses option 3, however, he must also make the requisite showing, as set forth above, under *Rhines,* to show good cause for his failure to exhaust the claims earlier and that his claims are potentially meritorious. If Petitioner fails to timely comply with this order, this action will be dismissed without prejudice to his filing a new habeas action containing only exhausted claims.

IT IS SO ORDERED.

DATED: NOV 2 7 2007

JEFFREY S. WHITE
United States District Judge

6

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM D. MCCANN,<br><br>    Plaintiff,<br><br>v.<br><br>ATTORNEY GENERAL OF THE STATE OF CALIFORNIA et al,<br><br>    Defendant. | Case Number: CV07-03865 JSW<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 27, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

William D. McCann
P.O. Box 370
Genoa, NV 00000

Dated: November 27, 2007

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk